996 F.2d 317
 27 U.S.P.Q.2d 1784
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ASSOCIATED EQUIPMENT CORPORATION, Plaintiff-Appellee,
v.
AUTHORIZED MOTOR PARTS CORPORATION, d/b/a Napa Distribution
Center, Blackhawk Automotive Inc. and Genuine
Parts Company, Defendants-Appellants.
 Nos. 92-1184, 92-1346 and 92-1453.
 United States Court of Appeals, Federal Circuit.
 April 6, 1993.
 
 Before ARCHER and MICHEL, Circuit Judges, and CARRIGAN, District Judge.*
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Blackhawk Automotive Inc. and its customers Authorized Motor Parts Corporation and Genuine Parts Company (herein collectively Blackhawk) appeal from the April 21, 1992 final, amended judgment, entered upon a jury verdict, of the United States District Court for the Eastern District of Missouri in Civil Action No. 90-1346-C(7), finding Blackhawk liable for infringement of U.S. Patent No. 4,554,574 and awarding Associated Equipment Corporation (Associated) damages with pre- and post-judgment interest. We vacate and remand for a new trial.
 
 DISCUSSION
 
 2
 Blackhawk argues on appeal that the district court abused its discretion by not allowing Blackhawk's expert to testify on the issues of claim interpretation and infringement or, in the alternative, that the district court erred by not instructing the jury, as a matter of law, as to the meaning of the relevant claim language. On the particular facts of this case, we agree.
 
 
 3
 Blackhawk objected to the district court submitting the question of claim interpretation to the jury at the time the jury instructions were being finalized at trial and proposed its own specific instruction on claim interpretation. See Corrected Joint Appendix of Appellant and Appellee (J.A.) at 1144-45. The district judge overruled the objection and refused the instruction. See Trial Transcript, Jury Instruction Conference at 164. Blackhawk also raised the issue in its post-verdict motions and again on appeal, although on appeal the jury instruction issue was raised secondarily to that of the district court's exclusion of Blackhawk's expert's testimony. Thus, the issue was raised in a timely manner and is therefore properly before us on appeal.
 
 
 4
 Claim interpretation is a question of law, ordinarily to be determined by the trial court. Winans v. Denmead, 56 U.S. (15 How.) 330, 338 (1853); Read Corp. v. Portec, Inc., 970 F.2d 816, 822, 23 USPQ2d 1426, 1432 (Fed.Cir.1992); Structural Rubber Prods. Co. v. Park Rubber Co., 749 F.2d 707, 721, 223 USPQ 1264, 1274 (Fed.Cir.1984). When a claim's language is ambiguous or its meaning disputed, the court determines the scope of a claim in light of the language of all of the claims, the specification, the prosecution history, and the prior art. SRI Int'l v. Matsushita Elec. Corp., 775 F.2d 1107, 1118, 227 USPQ 577, 583 (Fed.Cir.1985) (in banc). In addition, although claim interpretation is ultimately a question of law to be decided by the district judge, Senmed, Inc. v. Richard-Allan Medical Indus., 888 F.2d 815, 818, 12 USPQ2d 1508, 1511 (Fed.Cir.1989) (maintaining that after the jury answers the legal question of claim interpretation, the district court must decide the meaning as a matter of law on a JNOV motion), the district court may admit expert testimony on the meaning of the claims to aid interpretation. Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc., 887 F.2d 1070, 1073, 12 USPQ2d 1539, 1542 (Fed.Cir.1989) (stating that expert testimony was helpful when the patent and incomplete prosecution history were not decisive on the claim's meaning); Snellman v. Ricoh Co., Ltd., 862 F.2d 283, 287, 8 USPQ2d 1996, 2000 (Fed.Cir.1988) (using expert testimony to help explain technical terms), cert. denied, 491 U.S. 910 (1989); Moeller v. Ionetics, Inc., 794 F.2d 653, 657, 229 USPQ 992, 995 (Fed.Cir.1986) (holding that it was an abuse of discretion for the district court to have excluded expert testimony on the disputed claim language); Palumbo v. Don-Joy Co., 762 F.2d 969, 975, 226 USPQ 5, 8-9 (Fed.Cir.1985) (stating that expert testimony would be helpful to ascertain how one of ordinary skill in the art would interpret the claim language).
 
 
 5
 A dispute over the claim meaning itself does not create a fact question. Johnston v. IVAC Corp., 885 F.2d 1574, 1579-80, 12 USPQ2d 1382, 1385-86 (Fed.Cir.1989) (explaining and limiting prior case law regarding disputes over claim language); Howes v. Medical Components, Inc., 814 F.2d 638, 643, 2 USPQ2d 1271, 1273 (Fed.Cir.1987). However, "[a] disputed issue of fact may, of course, arise in connection with interpretation of a term in a claim if there is a genuine evidentiary conflict created by the underlying probative evidence pertinent to the claim's interpretation." Johnston, 885 F.2d at 1579, 12 USPQ2d at 1386 (emphasis added) (citing Moeller, 794 F.2d at 657, 229 USPQ at 994); cf. McGill Inc. v. John Zink Co., 736 F.2d 666, 675, 221 USPQ 944, 950 (Fed.Cir.) (admitting expert testimony as "evidence of construction of the claims as they would be construed by those skilled in the art."), cert. denied, 469 U.S. 1037 (1984). Such factual questions may arise when "complex scientific principles are involved or expert testimony is needed to explain a disputed term." Howes, 814 F.2d at 643, 2 USPQ2d at 1273.
 
 
 6
 In a jury trial, it is the jury's province to find the facts. Thus, in cases where factual disputes underlie the ultimate legal question of claim interpretation, the issue of claim interpretation must be submitted to the jury for its decision once it finds the underlying facts. Structural Rubber, 749 F.2d at 721 n. 14, 223 USPQ at 1275 n. 14 (citing McGill, 736 F.2d at 672, 221 USPQ at 948); cf. Moeller, 794 F.2d at 657, 229 USPQ at 995 ("[U]nderlying fact disputes may arise pertaining to extrinsic evidence that might preclude summary judgment treatment of claim construction.").
 
 
 7
 Determining whether a patent infringement occurred requires a two-step inquiry--first, the claims must be interpreted to determine their proper scope; then, those interpretations must be applied to the accused device to determine whether it infringes the claimed invention. Senmed, 888 F.2d at 818, 12 USPQ2d at 1511; Moeller, 794 F.2d at 656, 229 USPQ at 994; Envirotech Corp. v. Al George, Inc., 730 F.2d 753, 758, 221 USPQ 473, 477 (Fed.Cir.1984). This sequence is important because claim construction "is necessary to define the metes and bounds of the protection afforded by the claims." Palumbo, 762 F.2d at 974, 226 USPQ at 8. Thus, in order to ensure the infringement inquiry is applied only to that which was properly reserved to the patentee, "[i]t is only after the claims have been construed without reference to the accused device that the claims, as so construed, are applied to the accused device to determine infringement." SRI, 775 F.2d at 1118, 227 USPQ at 583 (emphasis in original).
 
 
 8
 As the above discussion shows, however, at the start of the claim interpretation stage, the district court must make a preliminary inquiry--it should first decide whether or not there is a factual dispute underlying the interpretation of the claim. Cf. Structural Rubber, 749 F.2d at 721, 223 USPQ at 1274 ("[B]efore submitting the [legal] issue of obviousness to the jury, the court must consider whether there is an underlying factual dispute on this issue."). Under either situation, the court must give proper instructions to the jury regarding claim interpretation, although the instructions will differ depending on which situation is present. See id. at 720, 223 USPQ at 1274 ("The key to the performance of the respective roles of judge and jury in resolution of legal issues are the court's instructions.").
 
 
 9
 If the court concludes that there is no factual dispute, the court must determine the meaning of the relevant claim language and instruct the jury as to what the claims mean. Coupe v. Royer, 155 U.S. 565, 579-80 (1895) ("Our conclusion ..., therefore, is, that the question of infringement ... should be submitted to the jury, with proper instructions as to the nature and scope of the plaintiffs' patent as hereinbefore defined, and as to the character of the defendants' machine."); Read, 970 F.2d at 822 & n. 3, 223 USPQ at 1432 & n. 3 (citing conflicting prior panel decisions of this court and endorsing the earlier precedent that holds that the court must instruct the jury as to the meaning of the claims).
 
 
 10
 If, on the other hand, the court determines that there is a factual question underlying the claim interpretation, in submitting the claim interpretation question to the jury, the court must provide the jury with proper instructions as to the method of answering the legal question and the answer's ultimate impact on the jury's findings on infringement. See Palumbo, 762 F.2d at 974, 226 USPQ at 8 (submission of the legal issue of claim interpretation to the jury requires "appropriate instruction"); cf. Connell v. Sears, Roebuck & Co., 722 F.2d 1542, 1547, 220 USPQ 193, 198 (Fed.Cir.1983) ("Submission of the obviousness question to the jury should also be accompanied by appropriate instructions on the law.") (citing Fed.R.Civ.P. 51). Such instructions would of course provide that the jury perform the claim construction prior to making any ultimate findings of fact as to infringement. The instructions would also include, inter alia, an explanation of the process of reasoning the jury should apply to the evidence to determine the meaning of the claim language, the possible alternative meanings of the claim that were advanced by the parties, and specific guidelines on how the jury's fact-findings on infringement should be affected by each respective contingent claim interpretation.[1] Cf. Structural Rubber, 749 F.2d at 722, 223 USPQ at 1275 (holding that the trial court must "direct the jury's attention to disputed factual issues which, when resolved, lead inexorably, in the opinion of the district court, to [the legal] determination of obviousness or nonobviousness."). These instructions would not preclude, but rather would supplement, all of the other instructions on the law that the court must provide--e.g., tests for determining literal infringement, infringement under the doctrine of equivalents, willfulness, and calculation of damages.
 
 
 11
 In the present case, the issue of infringement turned in large part on the interpretation of portions of several of the claim limitations, including "regulating current flow," "a common conduction area defining a central electronically conductive area," "a plurality of links extending radially from the common conduction area," "a plurality of diode contact areas peripherally spaced about the common conduction area," "integrally formed from a single material sheet," and "positive coefficient of resistance." See, e.g., J.A. at 780-87 (emphasis added). Yet, the district court gave no instructions to the jury on these aspects of claim interpretation. Furthermore, the district court refused to allow Blackhawk's expert to testify on the issue. However, as discussed above, the court is required to instruct the jury, either as to the meaning of the claims, if no factual issue underlies that determination, or the method by which to determine that meaning, if the jury must first resolve any factual disputes. In the latter case, the jury must be provided with adequate evidence on which to make such a determination. This court has held that in some of these circumstances, it is an abuse of discretion for the district court to refuse expert testimony on the question. See Moeller, 794 F.2d at 657, 229 USPQ at 995. On the facts of this case and in view of the exclusion of expert testimony on the issue, the district court's failure to provide the jury with sufficient instruction on claim interpretation constitutes legal error.
 
 
 12
 Nor can we say such error was harmless here. "Improper claim construction can ... distort the entire infringement analysis." Id. at 656, 229 USPQ at 994. Because, here, the jury was given no instructions as to the law, and because the district court refused to allow Blackhawk's expert to testify on such matters, we cannot deduce the interpretation of the claims on which the jury based its ultimate findings regarding infringement. Those findings were likely substantially influenced by the jury's claim interpretation. See id. at 657, 229 USPQ at 995 (district court infringement findings on summary judgment would be affected by claim interpretation). Furthermore, it is unclear on this record whether the district judge discerned factual disputes underlying the issue of claim interpretation. See, e.g., district court's refusal to allow Mr. Howell's testimony on claim interpretation and related discussion regarding her potential instructions to the jury as to claim interpretation in J.A. at 857-64. As stated above, it is clear that the scope of some of the claim limitations and the meaning of certain claim terms were disputed. It is not clear on this record, however, whether these disputes involved underlying factual questions, nor have we attempted to review the entire trial record to determine whether there are such factual issues or what they might be, leaving that determination to the district court on remand. Cf. Structural Rubber, 749 F.2d at 724, 223 USPQ at 1277 (Federal Circuit, remanding, did not attempt to determine what facts are disputed on the issue of obviousness).
 
 
 13
 Because Blackhawk, on appeal, relied primarily on its argument regarding the court's exclusion of Blackhawk's expert's testimony and only secondarily on the court's failure to provide proper instructions with respect to claim construction, the dispute regarding proper interpretation of the relevant claim language at issue here was not fully briefed by the parties. In addition, the district court never determined who should decide the legal issue of claim interpretation in this case. Therefore, the district court both excluded expert testimony on the subject and refused jury instructions that might have substituted for such testimony, thereby precluding the parties from presenting fully their positions on this issue. We will not attempt to make an interpretation of the claim on this record in the first instance on appeal. See Howes, 814 F.2d at 644, 2 USPQ2d at 1274 (vacating and remanding a summary judgment on infringement and leaving the claim interpretation to the district court on remand); Structural Rubber, 749 F.2d at 723, 223 USPQ at 1276 ("Without the benefit of the trial court's reasoning in particularized instructions, the appeal takes on the character of an initial determination with respect to application of the law to the facts, rather than a review."); cf. Envirotech, 730 F.2d at 762, 221 USPQ at 480 (remanding the legal issue of obviousness "[i]n the absence of ... special findings and of a proper charge on which a conclusion of obviousness can be reviewed, and because the parties here [we]re not yet in substantial agreement as to facts bearing on the obviousness issue"); id. at 763, 221 USPQ at 481 (Baldwin, J., specially concurring) (noting that the court affirmed as to the factual issue of noninfringement when "the claims at issue were submitted to the jury with proper instructions.... [and t]he jury ... construed the claims in accordance with those instructions and then determined there was no infringement.").
 
 CONCLUSION
 
 14
 Accordingly, we vacate the judgment of the district court and remand for a new trial in accordance herewith.
 
 COSTS
 
 15
 Taxable costs are assessed against Associated Equipment Corporation.
 
 
 16
 ARCHER, Circuit Judge, concurring.
 
 
 17
 I agree with the result in this case. I write to point out that to me there is a basic inconsistency in the action of the district court in both excluding expert testimony as to the meaning of the claim language at issue and failing to instruct the jury as a matter of law as to the proper construction of that language. Claim construction is a question of law to be determined by the court on the basis of the claim language, specification, prosecution history and other claims. See SRI Int'l v. Matsushita Elec. Corp., 775 F.2d 1107, 1120, 227 USPQ 577, 583 (Fed.Cir.1985) (in banc). By excluding expert testimony as to the meaning of the disputed language, the court presumably thought that the claim language could be construed properly based on the specification, prosecution history, and other claims without resort to testimony extrinsic to these documents. Document interpretation, however, is for the court. See Winans v. Denmead, 56 U.S. (15 How.) 330, 338 (1854); Bates v. Coe, 98 U.S. 31, 38-39 (1878); see also Goodyear Dental Vulcanite Co. v. Davis, 102 U.S. 222, 224 (1880); 4 W.H.E. Jaeger, Williston on Contracts §§ 601, 616 (3d ed. 1961) (hereinafter Williston ). Yet the court did not instruct the jury as to the proper construction of the claim language and left this purely legal issue for the jury to decide.
 
 
 18
 On the other hand, if the court, after consulting the recognized sources of claim construction, perceived ambiguity in the claim language or terms used which it could not resolve from the documents, then expert testimony would have been necessary for this purpose. If that extrinsic testimony produced an evidentiary conflict, then of course the jury under proper instructions was required to resolve that factual question. See Singer Mfg. Co. v. Cramer, 192 U.S. 265, 275 (1904); see also Silsby v. Foote, 55 U.S. (14 How.) 218, 225 (1853); Williston § 601.
 
 
 19
 In the circumstances of this case, therefore, the failure to instruct the jury on the legal issue of claim construction was inconsistent with the exclusion of extrinsic expert testimony; absent expert testimony there was no evidentiary or factual question for the jury to decide.
 
 
 
 *
 Honorable Jim R. Carrigan, District Judge, District of Colorado, sitting by designation
 
 
 [1]
 We note that, to a great extent, the district court's role in instructing the jury may be facilitated, and the instructions themselves may be simplified, by the use of special verdicts or interrogatories as provided for in Fed.R.Civ.P. 49. See Structural Rubber, 749 F.2d at 723-24, 223 USPQ at 1276-77